| | |
|---|---|
| ARC CONSTRUCTION SERVICES, INC.  * <br> 3515 Marmenco Court <br> Baltimore, Maryland 21230         * | IN THE CICRUIT COURT FOR <br><br> BALTIMORE CITY |

ARC CONSTRUCTION SERVICES, INC.   *
3515 Marmenco Court
Baltimore, Maryland 21230        *

       Plaintiff        *

    vs.        *

THE OHIO CASUALTY INSURANCE CO  *
62 Maple Avenue
Keene, New Hampshire 03431    *

      Defendant     *

Serve: Maryland Insurance Administration  *
    200 St. Paul Place - Suite 2700
    Baltimore, Maryland 21201    *

     Resident Agent    *

    AND     *

RITTER & PARATORE     *
CONTRACTING ,INC.
2435 State Route 5     *
Utica, NY 13502

            *

     Defendant    *

Serve: Registered Agent Solutions, Inc.  *
    2nd Floor Unit B    *
    836 Park Avenue
    Baltimore Maryland 21201   *

     Resident Agent

Case Number: 24-C-17- 005756

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

    Comes now, ARC CONSTRUCTION SERVICES, INC. ("ARC"), by Bruce E. Kauffman,

Jeffrey L. Forman and Kauffman and Forman, P.A., and sues THE OHIO CASUALTY INSURANCE

COMPANY ("Ohio"), and RITTER & PARATORE CONTRACTING, INC ("Ritter") and for causes of

action states:

COUNT ONE - OHIO

1.  Pursuant to a Subcontract Agreement (the "Subcontract") dated November 21, 2016, various change orders (specifically, numbers 2, 3 and 5), and the Agreement between Dustin Construction, Inc. and Ritter dated October 19, 2016, copies of which are attached hereto and marked collectively as *Exhibit 1*, ARC performed certain work for Ritter, including providing labor and materials to Ritter for a project known as the "Pimlico Elementary/Middle School #223 - Early Demolition Package", a Baltimore City Board of School Commissioners public project (the "Project").

2.  The work on the Project consisted of labor and materials for the interior demolition of the school in accordance with the plans, specifications, addendums and attachments as set forth on page 2 of 6 of the Subcontract and the Attachment A to the Subcontract.

3.  In accordance with the *Maryland Little Miller Act, Annotated Code of Maryland, State Procurement Article, Title 17, Subtitle 1, §§ 17-101 through 17-111* (the "Act"), Ritter was required to provide a Labor and Material Payment Bond to ensure that subcontractors who provided labor and/or materials for the Project would be paid for their labor and/or materials.

4.  Venue lies in Baltimore City under § 17-109 (a)(1) of the Act as the Subcontract was performed in Baltimore City.

5.  Ohio is the bonding company which issued the Labor and Material Payment Bond as "Surety" for Ritter (as "Principal"), a copy of which bond (Number 601111737) is attached hereto as *Exhibit 2* (the "Bond").

6.  ARC performed its work between December 1, 2016 and March 3, 2017, and has billed a total of Two Hundred Twenty Two Thousand Six Hundred Forty Six Dollars ($222,646.00) of which, after payments and credits, One Hundred Twenty Thousand Nine Hundred Thirty Dollars and Thirty Five Cents ($120,930.35) remains unpaid, due and payable. A copy of the ledger showing the billings and the payments is attached hereto as *Exhibit 3*.

7. All of ARC's work under the work orders was performed in a good and workmanlike manner.

8. Despite repeated demand, Ritter has failed to pay ARC.

9. Pre-judgment interest at the legal rate of 6% per annum has been calculated on the Interest Worksheet attached as *Exhibit 4*, and which and reflects that through November 22, 2017, the amount of pre-filing interest is $3,503.38 and the per diem thereafter until the date of judgment is $19.88.

10. A notice of this claim was sent to Dustin Construction, Inc. (the General Contractor on the Project), to Baltimore City School Board of Commissioners, to Ritter and to Ohio, by certified mail on July 14, 2017. A copy of the letter notice is attached hereto as *Exhibit 5*. The letter notice was received by all four entities as reflected on the United States Post Office Track and Confirm Report attached hereto as *Exhibit 6*.

11. ARC is a "supplier" of labor and materials, as defined in *§ 17-101 (e)* of the Little Miller Act, and is a claimant under the Bond..

12. Ohio undertook to make payments to those subcontractors who were not paid within 90 days after the last day of such subcontractor's work on the Project.

13. ARC has not been paid the sum of $120,930.35, the amount due under the contract with Ritter within 90 days after the last day it performed work on the Project plus the interest that is contractually due.

14. Pursuant to the ARC Exhibit A which was incorporated into the Subcontract, ARC is entitled to recover the costs of collection including legal fees.

WHEREFORE, ARC prays a judgment jointly and severally against Ohio and Ritter in an amount in excess of $75,000.00 as set forth in the Exhibits, plus costs and reasonable attorneys' fees.

## COUNT TWO - RITTER
### (Unjust Enrichment)

15. The allegations contained in Count One are adopted and incorporated herein as if fully restated.

*IN THE ALTERNATIVE*

16. If Ritter contends that there was no written contract authorizing any of the work performed by Arc, then Ritter nevertheless knew that ARC was performing the work in that Ritter asked and demanded that ARC perform all work on the project which ARC performed.

17. When ARC performed the work requested by Ritter, Ritter knew that ARC was performing the work and accepted the benefits of ARC's performing the work.

18. Ritter knew that it was receiving the benefit of the labor and materials being provided by ARC.

19. Ritter retained the benefits of the labor and materials provided by ARC.

20. It would be inequitable for Ritter to retain the benefits of the labor and materials provided to it by ARC.

WHEREFORE,   ARC prays a judgment jointly and severally against Ohio and Ritter in an amount in excess of $75,000.00 as set forth in the Exhibits, plus costs and reasonable attorneys' fees.

Bruce E. Kauffman

Jeffrey L. Forman
KAUFFMAN AND FORMAN, P.A.
406 W. Pennsylvania Avenue
Towson, Maryland  21204
823-5700

4